IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MERCADO, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| vs. | : | NO. 99-2355 |
| | : | |
| DONALD T. VAUGHN, et al., | : | |
| Respondents | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                              **March 22, 2016**

Richard Mercado has filed a motion for relief from a final judgment, Order, or proceeding pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Mr. Mercado is challenging the decision of the late Honorable Charles R. Weiner who denied Mr. Mercado's petition for writ of *habeas corpus* on January 18, 2000. The Court of Appeals for the Third Circuit affirmed Judge Weiner's decision. Mercado v. Vaughn, et al., 36 F.App'x 684 (3d Cir. February 27, 2002). Mr. Mercado insists that a re-opening of Judge Weiner's decision should be available to him *via* Rule 60(b)(3) because the claim which Judge Weiner determined was procedurally defaulted falls under the category of fraud.[1]

---

[1] Rule 60(b) provides: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, Order, or proceeding for the following reasons:
    (1)  mistake, inadvertence, surprise, or excusable neglect;
    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    **(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;**
    (4)  the judgment is void;
    (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
    or  (6)  any other reason that justifies relief.
FED.R.CIV.P. 60(b) (emphasis added).

He further argues that this subsection of Rule 60(b) may be used "as a vehicle for resurrecting a previously dismissed *habeas* petition. Particularly, how the District Court was deceived (by the state court) when [it] procedurally defaulted the claim."

The Third Circuit provided the following facts and procedural history in its decision denying Mr. Mercado's appeal of the denial of his petition for writ of *habeas corpus*:

> Mercado, driving a stolen van, was involved in a motor vehicle accident on May 2, 1981 in Cape May, New Jersey. Police on the scene soon discovered that the vehicle, a brown Chevrolet van, had been owned by David Lehnert. Lehnert, a photographer who was employed at the same Pocono resort as Mercado, had been found stabbed to death alongside of Stroud Road, Stroud Township, Monroe County, Pennsylvania several weeks earlier. The Cape May police arrested Mercado and two young men who were passengers in the van and transported them to the Cape May Police Station. At the station, the Cape May police informed Mercado of his Miranda rights and attempted to question him, but he invoked his right to an attorney and the interview was terminated.
>
> After they arrived at the station, the Cape May police contacted the Pennsylvania State Police. Later that day, Stroud Township Detective George Wilson and Pennsylvania State Trooper Donald Kresge arrived at the Cape May facility. They administered a second set of Miranda warnings and, at some point, informed Mercado that they were there in reference to "the death of David Lehnert, who was the owner of the van." Once again, Mercado invoked his right to an attorney and the interview was terminated. Wilson and Kresge went out to examine the van and returned approximately 30 minutes later, preparing to depart. At this point Wilson and Kresge were informed that Mercado wanted to see them. Wilson and Kresge reissued Miranda warnings, to which Mercado replied "I have heard them hundreds of times"

2

and refused to sign the waiver of rights form. Wilson and Kresge informed Mercado that, in the absence of a signed waiver, they could not talk to him. At this point, Mercado signed the waiver form and an interview followed. During the interview, Mercado told the Pennsylvania officers "I know why you are here, I didn't do it, Victor did." This statement was later used in Mercado's trial "to show, *inter alia*, his presence at the scene of the crime and his effort to cast suspicion on another." Soon after the interview, Mercado was arraigned before a New Jersey magistrate judge, approximately 12 hours after his arrest.

Mercado was tried before a jury in the Monroe County Court of Common Pleas and found guilty of robbery and first degree murder on October 16, 1981 and sentenced to life imprisonment. The Pennsylvania Superior Court affirmed the conviction and sentence. Commonwealth v. Mercado, 329 Pa. Super. 564, 478 A.2d 59 (Pa. Super. 1984). The Pennsylvania Supreme Court denied Mercado's petition for allowance on appeal. Mercado then filed a *habeas corpus* application in the District Court for the Eastern District of Pennsylvania, raising for the first time an ineffective assistance of counsel claim. That petition was dismissed for failure to exhaust available state judicial remedies. Mercado v. Zimmerman, 1989 U.S. Dist. LEXIS 531, *4 (E.D. Pa.).

The Monroe County Court of Common Pleas denied Mercado's petition for post-conviction relief on his ineffective assistance of counsel claim on July 12, 1991. On December 30, 1991 the Pennsylvania Superior Court affirmed the conviction, and the Pennsylvania Supreme Court denied *allocatur* on December 10, 1992. The Monroe County Court of Common Pleas also denied Mercado's second petition for post-conviction relief which asserted new ineffective assistance of counsel claims against both his trial counsel and his attorney in the previous post-conviction relief action. The Superior Court affirmed on April 1, 1998, and once again the Pennsylvania Supreme Court denied allowance of an appeal on March 12, 1999.

Mercado v. Vaughn, 36 F.App'x 684 (3d Cir. 684, 684-85).  Mr. Mercado subsequently filed a second petition in this court for a writ of *habeas corpus*, alleging that his statements to the police were inadmissible because he did not knowingly and intelligently waive his Miranda rights, and because the statements were given eleven hours after his arrest in New Jersey but prior to his arraignment.  Finally, he alleged that trial counsel was ineffective for (a) failing to object to the charge, (b) failing to object to prosecutorial misconduct, and (c) failing to request discovery, being unprepared for trial, and failing to call Linda Bogage as a witness.  Mercado v. Vaughn, 99-cv-2355.  In a written opinion, Judge Weiner denied the petition, but issued a certificate of appealability for the Miranda issue only.  Mr. Mercado filed a timely notice of appeal to the Third Circuit Court of Appeals which affirmed the denial of the petition.  Mercado, 36 F.App'x at 688.

    Mr. Mercado filed this Rule 60(b)(3) motion seeking relief from Judge Weiner's decision.  He argues that he is entitled to Rule 60(b)(3) relief because an "exculpatory statement which the District Attorney's own private investigator retrieved, was intentionally misrepresented to the state court as not being favorable for petitioner, when in fact, it was, and the claim was removed from petitioner's PCRA."  See Document #27 at 10.  He explains,

> "In the present case, petitioner accused Londono of the murder, and Londono claimed to the jury that his whereabouts were nowhere near petitioner or the victim; that instead, he was with a woman named Linda Bogage. When she is finally located and deposed ten years after petitioner's trial, her statement to the District Attorney's investigator revealed she was not with Londono at all, moreover, she was in another state at the time."

4

Id. Mr. Mercado alleges that "Londono testified so prejudicially against petitioner, that it undermined petitioner's chance of showing actual innocence. The outcome of petitioner's trial was determined by Londono's untruthful statement." Id. at 11. Further, he alleges that his case presents "substantial Constitutional error of collateral counsel carelessly allowing an officer of the court (the District Attorney) to commit fraud upon the court and intentionally misrepresent the statement of Linda Bogage as not being a favorable one, when in fact it was." Id.

Initially, I note that this court does not have jurisdiction because the motion is untimely. "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or Order or the date of the proceeding." See FED.R.CIV.P. 60(c)(1); see also Zahl v. Harper, 403 F.App'x 729, 733 (3d Cir. 2010) (a motion under Rule 60(b)(3) must be brought within one year of the judgment). Mr. Mercado filed this motion over fifteen years after his petition for writ of *habeas corpus* petition was denied. His motion and arguments are based on fraud and misrepresentation under Rule 60(b)(3) and thus, he would have had to file the motion within one year of January 18, 2000, the date Judge Weiner denied *habeas* relief. Accordingly, his motion is untimely.

Even if it were not untimely, this motion would still fail. Rule 60(b)(3) requires an allegation of fraud by an opposing party. Although Mr. Mercado suggests that the District Attorney informed the state court that Ms. Bogage's statement was not beneficial to Mr. Mercado, the evidence clearly shows that PCRA counsel had already made that determination. In a letter written to Mr. Mercado dated April 4, 1991 in anticipation of a

PCRA hearing scheduled for April 16, 1991, PCRA counsel informed Mr. Mercado that he decided to withdraw the issue of the ineffectiveness of trial counsel surrounding Linda Bogage:

> The second PCRA allegation is that trial counsel was ineffective in failing to call a witness (specifically Linda Bogage). As you know, we located Linda Bogage, contacted her, and sent her information to review. We then attempted to contact her numerous times to discuss the matter to no avail. At that point, we tried to obtain an interstate subpoena. A hearing was held in New Mexico wherein in was pointed out that our motion for an interstate subpoena had two (2) defects. My office contacted Attorney Mack With (Linda Bogage's counsel) and the New Mexico District Attorney's Office assigned to this case. They agreed that Ms. Bogage would come to Pennsylvania to testify if we could (1) correct the defects in our motion, and (2) prove that it was absolutely necessary for her to testify. The Monroe County District Attorney's Office sent their investigator, Edward Stefanco, to New Mexico to speak with Ms. Bogage. I have enclosed a copy of Mr. Stefanco's report of his meeting with Ms. Bogage. Subsequently, I spoke with Ms. Bogage's attorney and Mr. Stefanco. My research clearly reveals that Ms. Bogage has no memory of the incident in question, no memory of any conversations with you, and, in any event, can place herself out of the county at the time that Mr. Lehnert died. It has become apparent that Linda Bogage cannot support our position or be of assistance as to any of the points we have raised. Because Linda Bogage cannot recall the events in question, Judge O'Brien cannot certify that she is a crucial witness. We, therefore, cannot amend the interstate subpoena motion. Accordingly, we will not be pursuing this matter.

See Exhibit H to Pet's Mot. For Leave to Expand Record (Document #8). This correspondence reveals that Mr. Mercado's own PCRA counsel determined that Ms. Bogage's testimony would not be helpful to the defense. Contrary to Mr. Mercado's

6

allegations, the District Attorney could not have committed fraud upon the state court, and a timely Rule 60(b)(3) motion would thus fail.

Although it is clear that the motion is based on fraud and misrepresentation by an opposing party under Rule 60(b)(3), there are instances where Mr. Mercado refers to his motion as one based on Rule 60(b)(3)(6), a non-existent subsection of Rule 60. Even if I were to construe the motion as one based on Rule 60(b)(6), this motion would still be untimely. Sometimes referred to as the "catch-all" subsection, Rule 60(b)(6) provides that a court may relieve a party from a final Order for "any other reason that justifies relief." A motion under Rule 60(b)(6) must be made, however, within a reasonable time after the entry of the judgment or Order or the date of the proceeding. See FED.R.CIV.P. 60(c). What constitutes a reasonable time under Rule 60(b) is to be decided under the circumstances of each case. In re Diet Drugs Prod. Liab. Litig., 383 F.App'x 242, 246 (3d Cir. 2010). As a general matter, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. Ortiz v. Pierce, 2014 U.S. Dist. LEXIS 111474 (D.Del. Aug. 11, 2014) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). There are no extraordinary circumstances here.

Mr. Mercado insists that he is entitled to 60(b) relief based upon a decision of the United States Supreme Court which held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. Martinez v. Ryan, 132 S.Ct. 1309, 1315 (2012). Martinez effected a change in the Supreme Court's *habeas corpus* jurisprudence, which

7

previously had not recognized a claim for ineffective assistance of counsel at the post-trial stage that would excuse procedural default of a petitioner's claim. See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991). However, "Martinez did not announce a new constitutional rule or right for criminal defendants, but rather an equitable rule prescribing and expanding the opportunity for review of their Sixth Amendment claims." Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014).

In his second petition for writ of *habeas corpus*, Mr. Mercado argued that trial counsel was ineffective for failing to call Linda Bogage as a witness. Judge Weiner found that that claim was procedurally defaulted:

> In his *habeas* petition, Mercado argues that, had counsel adequately prepared, he would have been able to uncover that Bogage had potential exculpatory evidence. This issue was raised in the petitioner's first PCRA petition. In its opinion, the PCRA court recited that, after Mercado raised the issue there, the court permitted his PCRA counsel to develop this claim by making inquiry into the knowledge of the witness. After a private detective investigated the matter, Mercado's PCRA counsel withdrew the request to have the witness appear before the PCRA court because he determined that Bogage had no information which was beneficial to the defense. As the issue was withdrawn from consideration before the PCRA court, we find it has been procedurally defaulted. Given PCRA counsel's belief that Bogage's testimony was not beneficial to the defense, we do not find that the failure to consider this issue on *habeas* review will result in a miscarriage of justice.

Mercado v. Vaughn, 99-2355, slip op. at 17-18 (E.D. Pa. January 18, 2000). Mr. Mercado now asks the court to excuse the procedural default involving Linda Bogage's potential testimony pursuant to Martinez.

The Martinez decision, however, is inapplicable here.  Before Martinez, the district court normally could review a federal claim for post-conviction relief that had already been rejected by a state court on the basis of an independent and adequate state procedural rule.  Walker v. Martin, 562 U.S. 307 (2011); Coleman v. Thompson, 501 U.S. 722, 750 (1991).  A petitioner could obtain federal review of a procedurally defaulted claim, however, if he demonstrated cause for the default and prejudice arising from the violation of federal law.  Martinez, 132 S. Ct. at 1316 (citing Coleman, 501 U.S. at 750).

In Martinez, the Supreme Court held that, where state law requires a prisoner to raise claims of ineffective assistance of trial counsel in a collateral proceeding, rather than on direct review, a procedural default of those claims will not bar their review by a federal *habeas* court if three conditions are met: (a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel (b) in the initial-review collateral proceeding, i.e., the first collateral proceeding in which the claim could be heard; and (c) the underlying claim of trial counsel ineffectiveness is "substantial," meaning "the claim has some merit," analogous to the substantiality requirement for a certificate of appealability.  Martinez, 132 S. Ct. at 1318-20; see also Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015) ("Martinez made very clear that . . . [the decision] applies only to attorney error causing procedural default during initial-review collateral proceedings . . . .").  The issue in Mr. Mercado's *habeas* petition which Judge Weiner deemed procedurally defaulted was based on the ineffectiveness of trial counsel for failing to prepare for trial and to discover the potential testimony of Ms. Bogage, not attorney error causing procedural default during initial-review collateral proceedings, i.e.,

9

PCRA counsel, as contemplated in Martinez. Accordingly, even if I were to construe the motion as one brought pursuant to Rule 60(b)(6), an argument that Martinez constitutes an "extraordinary circumstance" justifying relief under Rule 60(b)(6) would not be convincing.

Moreover, the Third Circuit Court of Appeals recently held that the Martinez decision, without more, was not an extraordinary circumstance warranting reopening a "long-since-dismissed *habeas* petition" pursuant to Rule 60(b)). Cox v. Horn, 757 F.3d at 120. In Cox, the Third Circuit opined that a Rule 60(b)(6) motion based on Martinez will fail unless it "was brought within a reasonable time of that decision." Cox, 757 F.3d at 115-116. Although the Third Circuit did not define what constitutes a reasonable time for filing a Rule 60(b)(6) motion premised on Martinez, I must conclude that waiting three years to file the motion does not satisfy the "reasonable time" requirement. See Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, (3d Cir. 1987) (holding that two-year delay was not a reasonable time to bring a Rule 60(b)(6) motion); see also Azubuko v. Bunker Hill Community College, 442 F.App'x 643, 644 (3d Cir. 2011) ("because Azubuko has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time [motion filed over five years after] of the Order that he seeks to challenge"); Choi v. Kim, 258 F.App'x 413, 415 (3d Cir. 2007) (60(b)(6) motion filed twenty-one months after Order dismissing case and nothing in the record compels the conclusion that such "extraordinary circumstances" exist as to warrant granting Choi's motion). Mr. Mercado filed his Rule 60(b) motion on

August 5, 2015, over three years after the issuance of the <u>Martinez</u> decision on March 20, 2012. In his motion, Mr. Mercado does not provide any reason for this delay.

Accordingly, because this court lacks jurisdiction to consider this untimely motion, I will dismiss it with prejudice.

An appropriate Order follows.